Stanard, J.
The question propounded by this appeal is, whether the surety in the bond of Chambers as the guardian of the infant plaintiff, be liable to a decree in this case, for the amount of the legacy of 78 dollars, claimed by her under the will of her grandfather Robert Chambers.
The argument on the question whether the legacy was, or was not vested, displayed a research and ingenuity most creditable to both the counsel. Though I strongly incline to the opinion that the legacy was not a vested one, and would not vest until the legatee should marry or attain the age of 18 years, neither of which events had occurred when Chambers’s authority as guardian was revoked, and when this suit was instituted, I do not think it necessary, and therefore forbear to give a definitive judgment on that question.
Though it were admitted, that the right to the legacy was a vested one, it is conceded, and properly so, that the legacy was not payable, and, consequently, not demandable until the legatee married or attained the age of 18 years.
The fund for the legacy came to the hands of Chambers the guardian, not in that character, but as executor of the testator, and, necessarily, remained in his hands in that character until it could be lawfully shifted, and was in fact shifted to his hands as guardian.
If the legacy had been vested, and payable during the guardianship of Chambers, so as to make it his duty to pass the fund from himself as executor to himself as guardian, very slight acts, and even declarations of Chambers that he considered the fund in his hands as guardian, might suffice to make him and his surety chargeable in that character. But as the legacy was not demandable or payable, he could not, had the guardian *324 been another, have discharged himself of his executorial responsibility for this fund by prematurely passing the fund into the hands of the guardian; and it is not perceived that (he being the guardian as well as executor) even a much more distinct act of election than is in evidence, or even suggested in this case, could have had the effect of terminating the executorial, and fixing the guardianship responsibility, before the legacy was payable or demandable. My opinion is, that no such act is proved; and if it was proved, that any such act was unavailing to terminate the executorial, and create the guardianship responsibility. The conclusion is, that the Court, below erred in decreeing against the appellant as the surety of the guardian for this legacy.
The executor and his surety were before the Court, and if at the institution of the suit the female plaintiff had been entitled to demand and receive the legacy, it would be proper to decree therefor against the executor and his surety. But, confessedly, the infant at the institution of the suit had not a right to demand and receive the legacy; and, consequently, a decree therefor could not be properly rendered. The counsel of the infant, conceding that the infant was not entitled, at the institution of the suit, to demand and receive the legacy, vindicates the institution of the suit as a proper measure for the preservation of the legacy, until one or the other event shall happen on which it will be demandable and payable. A sufficient answer to this is, that such is not the nature or object of the suit. It is brought to recover the legacy, not to secure the fund; and being so, it was prematurely brought.
The other judges concurred.
The decree was reversed with costs; and the Court proceeding to render such a decree as the Court below ought to have rendered in respect to the claim of the *325 plaintiff below to the legacy under the will of Robert Chambers, it was decreed that the bill so far as it sought to recover that legacy be dismissed; but without prejudice to any suit that the infant plaintiff may institute when she shall marry or attain the age of 18 years to recover said legacy from the executor of Robert Chambers, or his surety or sureties; or to any suit that the infant or any of the parties interested in the legacy may institute for the preservation of the fund out of which the legacy is or may be payable.